IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABELARDO NEGRETTE-MEDINA,

        Petitioner,

v.

MARION FEATHER,

        Respondent.

Civil No. 3:14-cv-00992-AC

FINDINGS AND RECOMMENDATION

    ABELARDO NEGRETTE-MEDINA
    81178-179
    FCI Sheridan
    P.O. Box 5000
    Sheridan, OR  97378

        Petitioner *Pro Se*

    S. AMANDA MARSHALL
    United States Attorney
    NATALIE K. WIGHT
    Assistant United States Attorney
    1000 S.W. Third Avenue
    Suite 600
    Portland, OR  97204

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED AS MOOT.

Petitioner is serving a 120-month term of imprisonment for his conviction in the Southern District of Texas on charges of conspiracy to possess with intent to distribute 212.2 kilograms of cocaine and possession with intent to distribute 212.2 kilograms of cocaine. Petitioner's current projected release date is April 21, 2016.

On August 6, 2014, Petitioner filed his § 2241 habeas corpus petition challenging the procedural validity of disciplinary sanctions imposed on Petitioner while he was housed by the Bureau of Prisons ("BOP") at Reeves County Detention Center, a private contract facility located in Pecos, Texas. Petitioner alleges the discipline investigation and disciplinary sanctions are invalid because the investigation and subsequent hearing should have been conducted, and sanctions imposed, by BOP-employed staff, not contract Reeves County employees. By way of relief, Petitioner seeks reinstatement of 27 days of Good Conduct Time which was revoked as a disciplinary sanction.

On September 30, 2014, BOP Disciplinary Hearing Administrator Christopher Cruz expunged the Incident Report at issue. As a

2 - FINDINGS AND RECOMMENDATION -

result, the disciplinary hearing and sanctions have also been reversed and expunged. Petitioner's discipline record no longer reflects the incident or the resulting disciplinary findings and sanctions. Further, Petitioner's 27 days of Good Conduct Time has been restored.

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the [Respondent] and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." *Liner v. Jafco*, 375 U.S. 301, 304 (1964) (citing *Love v. Griffith*, 266 U.S. 32 (1924)).

A claim which is rendered moot may, nonetheless, survive dismissal if it is "capable of repetition, yet evading review." *Spencer*, 523 U.S. at 17. Such a claim, however, is only

3 - FINDINGS AND RECOMMENDATION -

recognized in "exceptional situations." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Two criteria must be fulfilled: (1) the action which the claim challenges must be "in its duration too short to be fully litigated prior to its cessation or expiration," and (2) there must be a "reasonable expectation" that "the same complaining party [will] be subject to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). ""Reasonable expectation" does not refer to a "mere physical or theoretical possibility," but to a "demonstrated probability." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

As noted, Petitioner's disciplinary record was expunged and his Good Conduct Time was restored. As such, Petitioner's habeas corpus claim is moot, as no legal injury remains for this court to remedy. Moreover, Petitioner presents no evidence that he will be subjected to the challenged action again. Accordingly, habeas corpus relief should be denied.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED and judgment of dismissal should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are

4 - FINDINGS AND RECOMMENDATION -

due February 10, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 26th day of January, 2015.

_____
John V. Acosta
United States Magistrate Judge